**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

| | |
|---|---|
| TRACY JONES JACKSON, ) | |
| ) | |
| Petitioner, ) | **MEMORANDUM OPINION** |
| ) | **AND RECOMMENDATION** |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | 1:09CV112 |
| ) | 1:07CR169-5 |
| Respondent. ) | |

Petitioner Tracy Jones Jackson, a federal prisoner, has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (docket no. 305).[1] Petitioner was charged as part of a cocaine distribution conspiracy in a fifteen defendant indictment. Count One of that indictment charged her with conspiracy to distribute cocaine base and cocaine hydrochloride in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A). Counts Eleven and Twelve charged her with distribution of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) (docket no. 1). Petitioner later pled guilty to Object Two of Count One, which subjected her to a statutory penalty of five to forty years of imprisonment (docket no. 139). She was sentenced to five years, or 60 months, of imprisonment (docket no. 216).

Petitioner did not file a direct appeal, but instead filed the present motion under § 2255. Respondent has filed a motion arguing that the § 2255 motion should

_____

[1]This and all further cites to the record are to the criminal case.

be dismissed or, alternatively, denied on the merits (docket no. 337). Petitioner has filed a response (docket no. 348) and the case is now ready for a decision on the parties' motions.

## DISCUSSION

Respondent first requests dismissal on the ground that the motion was filed[2] outside of the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act of 1996, P.L. 104-132 ("AEDPA"). 28 U.S.C. § 2255(f). The AEDPA amendments apply to all motions filed under § 2255 after their effective date of April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320 (1997). Interpretations of 28 U.S.C. §§ 2244(d)(1) and 2255 have equal applicability to one another. *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999).

Under § 2255(f)(1), the limitation period runs from the date when the judgment of conviction became final. Where a petitioner files an appeal, finality has been construed to mean when the petitioner may no longer seek further review because of (1) the denial of a petition for certiorari to the United States Supreme Court; or, (2) the expiration of the time for seeking such review. *Clay v. United States*, 537 U.S. 522 (2003). Where no direct appeal is filed, the conviction becomes final when the ten-day notice of appeal period expires. *Id.*; Fed. R. App. P. 4(b). Here, Petitioner's judgment was entered on December 14, 2007 and she filed no notice of appeal.

---

[2]A Section 2255 motion is filed by a prisoner when the motion is delivered to prison authorities for mailing. *Adams v. United States*, 173 F.3d 1339, 1341 (11th Cir. 1999).

Respondent states that, including the time for Petitioner to file her notice of appeal, Petitioner's year to file her motion under § 2255 expired on January 3, 2009, without her having filed the motion. Petitioner concedes that her petition was due on January 3, 2009, but not filed until February 10, 2009. Therefore, her motion is out of time under subsection (f)(1). Only if another subsection gives Petitioner more time to file will her motion be timely.

Section 2255(f)(2) requires an unlawful governmental action which prevented Petitioner from filing her § 2255 motion. Petitioner fails to allege or show that any unlawful governmental action prevented her from filing this motion. Therefore, subsection two does not give Petitioner a longer limitation period.

Section 2255(f)(3) allows the limitation period to run from the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized and made retroactively applicable to cases on collateral review. Petitioner does not allege that she is relying upon any such right. This subsection does not apply.

Section 2255(f)(4) allows the limitation period to run from the date on which the facts supporting the claims presented could have been discovered through the exercise of due diligence. Petitioner's claims in her motion are based on facts that existed and were, or at least could have been, known to her through reasonable diligence at the time judgment was entered in the case. Therefore, this subsection also does not apply and Petitioner's motion is untimely.

-3-

Although Petitioner concedes that her petition was not filed within the one-year time limit, she makes several arguments seeking equitable tolling. She requests tolling based on (1) the fact that she did not discover that she could file a § 2255 motion for some time after her conviction, (2) time spent on lengthy discussions with the government about whether or not the government would file a motion under Fed. R. Crim. P. 35 to reduce her sentence, and (3) her current counsel's missing the one-year deadline due to "inadvertence and the holiday season" (docket no. 348 at 2). At various points in her motion and response brief, she also mentions her history of severe mental illness and being learning-disabled.

The Fourth Circuit and a number of other courts have held that the one-year limitation period is subject to equitable tolling. *Harris v. Hutchinson*, 209 F.3d 325 (4th Cir. 2000); *Sandvik*, 177 F.3d at 1271 (collecting cases). Equitable tolling may apply when the petitioner has been unable to assert claims because of wrongful conduct of the government or its officers. A second exception is when there are extraordinary circumstances, such as when events are beyond the prisoner's control and the prisoner has been pursuing her rights diligently. *Pace v. DiGuglielmo*, 544 U.S. 408 (2005); *Harris*, 209 F.3d 325; *Akins v. United States*, 204 F.3d 1086 (11th Cir. 2000). Circumstances beyond a prisoner's control occur if she has been prevented in some extraordinary way from exercising her rights. *See Smith v. McGinnis*, 208 F.3d 13 (2d Cir. 2000). This might occur where a prisoner is actively misled or otherwise prevented in some extraordinary way from exercising her rights.

-4-

*Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999). On the other hand, unfamiliarity with the legal process, lack of representation, or illiteracy does not constitute grounds for equitable tolling. *Harris*, 209 F.3d 325; *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999). Likewise, mistake of counsel does not serve as a ground for equitable tolling. *Taliani v. Chrans*, 189 F.3d 597 (7th Cir. 1999); *Sandvik*, 177 F.3d at 1272. Nor are prison conditions, such as lockdowns or misplacement of legal papers normally grounds for equitable tolling. *Akins*, 204 F.3d 1086.

As just stated, a lack of legal knowledge, learning difficulties, and mistakes by counsel[3] do not entitle a petitioner to equitable tolling. This disposes of most of Petitioner's arguments. Her remaining assertions fare no better. Petitioner states that she has a history of severe mental illness, but she provides no support for that claim. During her guilty plea, she informed the judge that she had not recently been treated for mental illness (docket no. 241 at 4-5). Her Presentence Report (PSR) noted that she was diagnosed with, and treated for "Major Depression Recurrent, Severe With Psychotic Features" in 1996 and later reported increased irritability, anxiety, agitation and feeling overwhelmed and stressed in 2006 (PSR ¶¶ 40, 42).

---

[3]Counsel argues that, if the government's motion to dismiss is granted, Petitioner could then file a second § 2255 motion alleging ineffective assistance of counsel in pursuing the current motion. This would not be as simple as counsel makes it sound. Second and successive motions can be filed only with permission from the Fourth Circuit Court of Appeals and permission is granted only in the narrow circumstances set out in 28 U.S.C. § 2244. Further, there is no right to counsel and, therefore, no way to allege ineffective assistance of counsel, in post-conviction and habeas proceedings. *See Hunt v. Nuth*, 57 F.3d 1327, 1340 (4th Cir. 1995).

Nothing in the record indicates that Petitioner was suffering from any severe mental illness while her year to file under AEDPA was passing. Therefore, she cannot receive equitable tolling on that basis.

Finally, Petitioner points to the United States Attorney's Office as a reason for her late filing. She alleges, again without any documentation or evidence, that she was engaged in discussions with that office concerning the possibility that it might file a Rule 35 motion on her behalf to have her sentence reduced. Because of those ongoing discussions, she did not file her § 2255 motion. The discussions concluded with her being informed on December 16, 2008 that no Rule 35 motion would be forthcoming. Petitioner believes that these circumstances entitle her to equitable tolling. For two significant reasons, they do not.

First, at no point does Petitioner accuse the government of any wrongdoing. She does not claim that it actually prevented her from filing her §2255 motion, told her not to file, or purposefully extended negotiations in order to keep her from filing. Second, the government's actions did not keep Petitioner from making a timely filing. As she acknowledges, the negotiations with the government concluded on December 16, 2008. This was about two weeks before her filing deadline of January 3, 2009. Her attorney candidly admits in the response brief that the failure to file was due to the holidays and attorney inadvertence. It was not due to any action by Respondent. Petitioner is not entitled to the extraordinary remedy of equitable tolling in these circumstances. Her motion should be dismissed for being time-barred.

-6-

In addition to seeking dismissal based on the applicable limitations period, Respondent alternatively argues that Petitioner's claims have no merit. They should also be denied on that basis. Petitioner raises two claims for relief in her motion. First, she accuses her former counsel of providing ineffective assistance of counsel by assuring her that she would receive probation in exchange for her guilty plea and failing to have her provide information to receive a reduction for substantial assistance. She alleges that former counsel met with her "at his home, at night, and often alone" and told her to "'go along with whatever the judge said'" at her plea and sentencing (docket no. 305 at 5). She states that she would not have entered her guilty plea but for her former attorney's ineffective assistance. Petitioner claims to have affidavits from family members supporting her claims of ineffective assistance of counsel, but has not provided them.

In order to prove ineffective assistance of counsel, a petitioner must establish, first, that her attorney's performance fell below a reasonable standard for defense attorneys and, second, that she was prejudiced by this performance. *See Strickland v. Washington*, 466 U.S. 668 (1984). Petitioner is not entitled to a hearing based upon unsupported, conclusory allegations. *See Nickerson v. Lee*, 971 F.2d 1125, 1136 (4th Cir. 1992) (in order to obtain an evidentiary hearing a habeas petitioner must come forward with some evidence that the claim might have merit), *abrog'n on other grounds recog'd, Yeatts v. Angelone*, 166 F.3d 255 (4th Cir. 1999). A petitioner bears the burden of affirmatively showing deficient performance. *See*

*Spencer v. Murray*, 18 F.3d 229, 233 (4th Cir. 1994). To show prejudice following a guilty plea, a petitioner must establish that there is a reasonable probability that but for counsel's allegedly deficient conduct, she would not have pled guilty but would have gone to trial. *Hill v. Lockhart*, 474 U.S. 52 (1985).

Petitioner falls far short of establishing ineffective assistance of counsel under the standards just set out. Despite her claim that she believed that she would receive probation following her plea, the record shows otherwise. Petitioner's plea agreement states that the mandatory minimum sentence was five years in prison (docket no. 139, ¶ 2(a)). She was also informed at her guilty plea that this was the law. She never objected or asked any question regarding her eventual sentence, but instead stated that she understood this penalty. This was not a matter of "going along with the judge," but was a simple answer to a yes or no question which indicated her understanding (docket no. 241 at 7). No particular answer was suggested or sought by the judge, who had earlier warned Petitioner against giving false answers (*id.* at 4). At sentencing, both the sentencing judge and the prosecutor stated in open court that Petitioner faced a mandatory minimum of five years in prison (docket no. 242 at 2, 6). Petitioner spoke and apologized to the court and her family for her conduct, but never asked for a probationary sentence or indicated that she believed she would receive one. Nothing in her motion is sufficient to overcome the clear record before the court and Petitioner's statements

in that record. Petitioner obviously knew of the penalty she faced at the time of her plea (i*d.* at 7.)

Petitioner has also failed to show that she would not have pled guilty but for her attorney's alleged actions. She makes a flat statement that this is the case, but she does not explain that statement or give a viable option to accepting the plea offer. She does not explain how she could have gone to trial or how that strategy would have benefitted her in any way. The factual basis in her case and the PSR reveal that she sold small amounts of cocaine base to confidential informants on two occasions and that one of her codefendants stated in an interview with law enforcement that Petitioner had bought an ounce of cocaine base from him on one occasion, a half ounce on another occasion, and one-eighth ounce quantities on more than 20 occasions (docket no. 209; PSR ¶¶ 6, 7, 9). It is not clear why Petitioner would have gone to trial in light of the strong evidence against her. Overall, Petitioner has not shown that her attorney informed her incorrectly concerning the penalty she faced or that he prejudiced her in any way related to the entry of her guilty plea.

Petitioner also claims that her attorney failed to pursue a substantial assistance motion on her behalf; however, her statements on this claim are entirely conclusory. She does not show that she knew information valuable to law enforcement. Further, the failure of her post-conviction attempt at a Rule 35 reduction at least suggests that she may never have held such information. Her

claim is conclusory and partially contradicted by more recent events. Her entire first claim for relief fails.[4]

Petitioner's second claim is that her guilty plea was invalid because she did not understand the consequences of her plea. She again cites her history of "severe" mental illness, the fact that she was "under the influence" of medication at the time of her plea, and her belief, based on alleged assurances by her former attorney, that she would receive probation. As with her first claim for relief, all of these contentions are unsupported and/or contradicted by the record. This claim fails for essentially the same reasons as the first part of her ineffective assistance of counsel claim. It too should be denied.

In conclusion, Petitioner's motion should be dismissed because it was not filed in a timely manner and she is not entitled to equitable tolling. Alternatively, her motion should be denied on its merits.

---

[4]Petitioner states a number of facts in her ineffective assistance claim that are irrelevant or unsupported. She claims that her attorney met with her alone at night at his home, that she was "disabled" by mental and emotional issues, and that she was pregnant at the time of her plea and sentencing. Her alleged disability is unsupported by evidence or the record. The remaining facts are simply not relevant and would not change the analysis set out above even if proved.

**IT IS THEREFORE RECOMMENDED** that Respondent's motion to dismiss (docket no. 337) be granted, that Petitioner's motion to vacate, set aside, or correct sentence (docket no. 305) be **DISMISSED** for being time-barred and, alternatively, be **DENIED** on its merits, and that Judgment be entered dismissing this action.

_____
Wallace W. Dixon
United States Magistrate Judge

Durham, N.C.
December 22, 2009